■ AURORA LOAN SERVICES, LLC, Appellant, v MILAGROS HIYO, Respondent, et al., Defendants. [13 NYS3d 554]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Quinn, J.), entered July 1, 2014, which granted that branch of the motion of the defendant Milagros Hiyo which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her, and granted that branch of her motion which was for an award of an attorney's fee to the extent of directing the plaintiff to pay an attorney's fee in the sum of $2,500.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Milagros Hiyo which was for award of an attorney's fee to the extent of directing the plaintiff to pay an attorney's fee in the sum of $2,500, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In July 2011, the plaintiff commenced this action to foreclose a mortgage. It allegedly served the defendant Milagros Hiyo with the summons and complaint on July 11, 2011, by personal delivery (*see* CPLR 308 [1]), but Hiyo did not appear in the action within the 20 days provided by statute (*see* CPLR 320 [a]). Two years later, in August 2013, Hiyo moved to dismiss the complaint pursuant to CPLR 3215 (c), on the ground that the plaintiff had abandoned the action. Hiyo also sought an attorney's fee. The Supreme Court granted that branch of the motion which was to dismiss the complaint insofar as asserted against Hiyo to CPLR 3215 (c) and granted that branch of the motion which was for an award of an attorney's fee to the extent of directing the plaintiff to pay an attorney's fee in the sum of $2,500. The plaintiff appeals.

CPLR 3215 (c), which is entitled "Default not entered within one year," states, as relevant to this appeal: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon

its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The policy underlying the statute is "to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307 [2011]). Upon a showing of the requisite one year of delay, dismissal is mandatory in the first instance (*id.* at 307-308). Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause. To establish "sufficient cause," the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action (*see LNV Corp. v Forbes*, 122 AD3d 805, 806 [2014]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]; *Giglio v NTIMP, Inc.*, 86 AD3d at 308). Here, the Supreme Court correctly granted that branch of Hiyo's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her. Hiyo demonstrated that the plaintiff had failed to take any proceedings for entry of judgment within one year after she defaulted, and the plaintiff failed to demonstrate sufficient cause why that branch of the motion should be denied.

The Supreme Court erred, however, in granting that branch of Hiyo's motion which was for an award of an attorney's fee. Hiyo made no showing that she was entitled to an attorney's fee in this action. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.