■ HSBC Bank USA, National Association, Respondent, v Lucia Grella, Appellant, et al., Defendants. [44 NYS3d 56]—

In an action to foreclose a mortgage, the defendant Lucia Grella appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated October 23, 2014, as denied her motion to vacate her default in answering the complaint and for leave to serve a late answer, and denied that branch of her separate motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant Lucia Grella's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Lucia Grella.

On May 13, 2011, the plaintiff commenced the instant foreclosure action. On May 19, 2011, the defendant Lucia Grella (hereinafter the defendant) was personally served with process. The defendant did not interpose an answer. Thereafter, from January 2012 until December 19, 2012, mandatory foreclosure settlement conferences were held. On December 19, 2012, the case was released from the mandatory foreclosure settlement conference part and remitted to the Individual Assignment System. Over one year later, on April 15, 2014, the defendant moved by order to show cause to vacate her default in answering the complaint and for leave to serve a late answer. In the order to show cause, the Supreme Court granted a stay of all proceedings in the action while the motion was pending. Before that motion was decided, on May 30, 2014, the defendant made another motion which was, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her as abandoned. The court denied both of the defendant's motions, and the defendant appeals.

Contrary to the plaintiff's contention, the defendant did not waive the right to seek dismissal of the complaint pursuant to CPLR 3215 (c) by moving to vacate her default and for leave to serve a late answer. "The mere fact that the legislative intent underlying CPLR 3215 (c) was to prevent the plaintiffs from unreasonably delaying the determination of an action, does not foreclose the possibility that a defendant may waive the right to seek a dismissal pursuant to the section by his or her conduct" (*Myers v Slutsky*, 139 AD2d 709, 710 [1988]). A de-

fendant may waive the right to seek a dismissal pursuant to CPLR 3215 (c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (*id.* at 711; *see De Lourdes Torres v Jones*, 26 NY3d 742, 772 [2016]; *HSBC Bank USA v Lugo*, 127 AD3d 502, 503 [2015]; *Hodson v Vinnie's Farm Mkt.*, 103 AD3d 549 [2013]). However, a motion pursuant to CPLR 3012 (d) for leave to serve an untimely answer does not constitute either a formal (*see* CPLR 320) or informal appearance (*see* CPLR 3012 [d]). This case is distinguishable from *Myers v Slutsky* (139 AD2d 709 [1988]), since the defendant in that case appeared in the action (*see* CPLR 320 [a]), and, therefore, waived the right to seek dismissal pursuant to CPLR 3215 (c). In contrast, here, the defendant only sought leave to appear, which relief was denied. Accordingly, the defendant did not waive her right seek dismissal of the complaint insofar as asserted against her pursuant to CPLR 3215 (c).

"The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307-308 [2011]; *see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]). The failure to timely seek a default may be excused if "sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious (*see Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 751; *Giglio v NTIMP, Inc.*, 86 AD3d at 308).

Here, the defendant was personally served with process on May 19, 2011, and she defaulted by failing to serve an answer within 20 days (*see* CPLR 3012 [a]). However, the plaintiff took no steps to initiate proceedings for the entry of a default judgment at any point before the defendant moved in May 2014 to dismiss the complaint insofar as asserted against her as abandoned. The fact that the case was in the mandatory settlement conference part (*see* 22 NYCRR 202.12-a [c] [7]) from January 2012 until December 19, 2012, did not constitute a reasonable excuse for the plaintiff's protracted delay, since the case was released from that part more than a year before the defendant's May 2014 motion (*see U.S. Bank, N.A. v Dorvelus*, 140 AD3d 850, 852 [2016]; *see also Whiteside v Manfredi*, 132

AD3d 851, 852 [2015]; *Kohn v Tri-State Hardwoods, Ltd.*, 92 AD3d 642, 643 [2012]). Although the Supreme Court issued a stay of all proceedings in the action on April 15, 2014, that stay did not constitute a reasonable excuse because it was issued nearly two years after the defendant defaulted, and more than one year after mandatory settlement conferences had ended. The plaintiff's vague and unsubstantiated assertions that it withheld prosecution until such time as it could assess whether the mortgaged premises had been damaged by Hurricane Sandy, and that it spent a year reviewing and processing unspecified documentation, were also insufficient to establish a reasonable excuse for its failure to initiate proceedings for over three years after the defendant's default. Since the plaintiff failed to meet its burden to show sufficient cause why the complaint should not be dismissed, the court should have granted the defendant's motion to dismiss the complaint insofar as asserted against her (*see Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749 [2014]; *GMAC v Minewiser*, 115 AD3d 707 [2014]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

The defendant's remaining contention, which is raised for the first time on appeal, is not properly before this Court (*see Soldatenko v Village of Scarsdale*, 138 AD3d 975 [2016]; *Retained Realty, Inc. v Syed*, 137 AD3d 1099 [2016]), and, in any event, need not be reached in light of our determination. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.