■ MYOUNG JA KIM, Individually and as the Proposed Executrix of HONG YOUNG KIM, Deceased, Respondent, v KEVIN WILSON, Appellant. [55 NYS3d 334]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Queens County (Livote, J.), entered December 29, 2015, as denied that branch of his motion which was pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned, and (2) from so much of an order of the same court entered June 20, 2016, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order entered December 29, 2015, is dismissed, as that order was superseded by the order entered June 20, 2016, made upon reargument and renewal; and it is further,

Ordered that the order entered June 20, 2016, is reversed insofar as appealed from, on the law, and, upon reargument and renewal, so much of the order entered December 29, 2015, as denied that branch of the defendant's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned is vacated, and that branch of the defendant's motion is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In August 2010, the plaintiff commenced this action to recover damages for personal injuries she and her decedent allegedly sustained in a motor vehicle accident in August 2007. The defendant was personally served with the summons and complaint on December 6, 2010, but he failed to appear or answer the complaint. In July 2015, the defendant moved, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned. In an order entered December 29, 2015, the Supreme Court denied that branch of the defendant's motion on the ground that the plaintiff's attorney had died in May

2015, and therefore, the proceeding was automatically stayed pursuant to CPLR 321 (c).

After the plaintiff's new attorney appeared in the action, the defendant served an answer to the complaint, and then moved for leave to reargue and renew that branch of his prior motion which was pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned. In an order entered June 20, 2016, the Supreme Court granted reargument and renewal, but adhered to its determination in the order entered December 29, 2015.

CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (*see Wells Fargo Bank, N.A. v Bonanno*, 146 AD3d 844 [2017]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 750 [2014]). "The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307-308 [2011]; *see HSBC Bank USA, N.A. v Grella*, 145 AD3d 669, 671 [2016]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 751). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2015]; *see HSBC Bank USA, N.A. v Grella*, 145 AD3d at 671; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 750).

Here, the plaintiff failed to offer a reasonable excuse as to why she did not seek leave to enter a default judgment. The death of the plaintiff's former attorney and the automatic stay of the proceeding (*see* CPLR 321 [c]) did not constitute a reasonable excuse, as the plaintiff's former attorney died in May 2015, almost 3½ years after the one-year statutory time period had expired (*see HSBC Bank USA, N.A. v Grella*, 145 AD3d at 672; *Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc.*, 83 AD3d 645, 646 [2011]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]; *Rafiq v Weston*, 171 AD2d 783, 784 [1991]).

Contrary to the plaintiff's contention, the defendant's belated service of an answer after his original motion, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned had been denied, did not constitute a waiver of his right to

seek dismissal of the complaint pursuant to CPLR 3215 (c) (*see Rafiq v Weston*, 171 AD2d at 784; *cf. Myers v Slutsky*, 139 AD2d 709, 710 [1988]).

Accordingly, upon reargument and renewal, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned. Chambers, J.P., Austin, Roman and Barros, JJ., concur.