HSBC Bank USA, N.A. v Myers (2019 NY Slip Op 00424)





HSBC Bank USA, N.A. v Myers


2019 NY Slip Op 00424


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-07073
 (Index No. 4731/13)

[*1]HSBC Bank USA, N.A., etc., plaintiff, 
v
Daniel M. Myers, et al., appellants, et al., defendants.


Charles R. Cuneo, P.C., Huntington, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Daniel M. Myers and Daliah F. Myers appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 25, 2016. The order, insofar as appealed from, denied that branch of those defendants' unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Daniel M. Myers and Daliah F. Myers which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted.
The plaintiff commenced this action against the defendants Daniel M. Myers and Daliah F. Myers (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants failed to timely appear or answer the complaint. More than two years after the defendants' default, they moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The plaintiff did not oppose the motion. By order entered February 25, 2016, the Supreme Court, inter alia, denied that branch of the motion. The defendants appeal.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, however, that the failure to timely seek a default may be excused if " sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-[*2]846).
Here, the plaintiff took no proceedings for entry of a default judgment within one year following the defendants' default. Moreover, having failed to oppose the defendants' motion, no reasonable excuse for the plaintiff's delay and a potentially meritorious cause of action was demonstrated.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court