Karamuco v Gavriel Plaza, Inc. (2019 NY Slip Op 03577)





Karamuco v Gavriel Plaza, Inc.


2019 NY Slip Op 03577


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07095
 (Index No. 704278/17)

[*1]Astrit Karamuco, et al., appellants,
v
Gavriel Plaza, Inc., respondent.


McGivney, Kluger & Cook, P.C., New York, NY (Lawrence McGivney and David Sasser of counsel), for appellants.
Richard A. Klass, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered April 23, 2018. The order denied the plaintiffs' motion for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint and granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is affirmed, with costs.
In or about September 2011, the plaintiffs commenced this action against the defendant, inter alia, to recover damages for unjust enrichment. In or about May 2017, the plaintiffs moved for leave to enter a default judgment against the defendant and the defendant cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. By order entered April 23, 2018, the Supreme Court denied the plaintiffs' motion for leave to enter a default judgment and granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The court determined that although the defendant was served with a copy of the summons and complaint and failed to appear or answer the complaint, the plaintiffs failed to provide a reasonable excuse for their delay in moving for leave to enter a default judgment. The plaintiffs appeal.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed"' (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, [*2]however, that the failure to timely seek a default may be excused if " sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069; Baruch v Nassau County, 134 AD3d 658, 659).
Here, the plaintiffs took no proceedings for the entry of a default judgment within one year following the defendant's default, and they failed to establish a reasonable excuse for their delay in moving for leave to enter a default judgment (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752; Moxson v United Airlines, 282 AD2d 725, 727; Turner v Turner, 216 AD2d 910, 911). Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion for leave to enter a default judgment and granting that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court