Deutsche Bank Natl. Trust Co. v Booker (2019 NY Slip Op 04356)





Deutsche Bank Natl. Trust Co. v Booker


2019 NY Slip Op 04356


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-00422
 (Index Nos. 64360/12, 52529/15)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Bernard Booker, etc., respondent, et al., defendants. (Action No. 1)
Deutsche Bank National Trust Company, etc., appellant,James Dessesaure, defendant. (Action No. 2)


 RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Brian R. Hoch, White Plains, NY, for respondent.



DECISION & ORDER
In two related actions to foreclose a mortgage, the plaintiff in both actions appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 28, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an order of reference, granted the cross motion of Bernard Booker, a defendant in Action No. 1, pursuant to CPLR 3215(c) to dismiss the complaint in that action insofar as asserted against him as abandoned, and, sua sponte, in effect, directed dismissal of the complaint in Action No. 2.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed dismissal of the complaint in Action No. 2 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2012, the plaintiff commenced an action (hereinafter Action No. 1) against, among others, the defendant Bernard Booker (hereinafter the defendant) to foreclose a mortgage on certain property in Mount Vernon. The defendant was personally served on October 1, 2012, but failed to appear or answer the complaint. In February 2015, the plaintiff commenced a second foreclosure action (hereinafter Action No. 2) in which it sought the same relief against a judgment creditor of the defendant. Also in February 2015, the plaintiff filed a request for judicial intervention in Action No. 1 requesting a residential mortgage foreclosure settlement conference. A settlement conference was held on April 21, 2015, but the defendant failed to appear. In March 2016, the plaintiff moved, inter alia, for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint in Action No. 1 insofar as asserted against him as abandoned. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for an order of reference, granted the defendant's cross motion, and, sua sponte, in effect, directed dismissal of the complaint in Action No. 2. The plaintiff appeals.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one year period, as those claims are deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, however, that the failure to timely seek a default may be excused if " sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846).
Here, the plaintiff failed to seek a default judgment on the unanswered complaint in Action No. 1 within one year after the default, as required by CPLR 3215(c), and failed to offer a reasonable excuse for the delay (see Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 655-656). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for an order of reference and to grant the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint in Action No. 1 insofar as asserted against him as abandoned. We also agree with the court's determination, in effect, to direct dismissal of the complaint in Action No. 2, in which the plaintiff sought the same relief as in Action No. 1.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court