Katz v Mangel (2019 NY Slip Op 04923)





Katz v Mangel


2019 NY Slip Op 04923


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-05378
 (Index No. 4207/13)

[*1]Zvi Katz, appellant, 
v
Nissan Mangel, et al., respondents.


Victor A. Worms, New York, NY, for appellant.
Noson A. Kopel, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 15, 2016. The order, insofar as appealed from, inter alia, granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2013, the plaintiff commenced this action seeking, inter alia, to recover damages for defamation. Almost 2½ years later, on August 13, 2015, the plaintiff moved for leave to enter a default judgment based upon the defendants' failure to answer the complaint or otherwise appear in the action. The defendants cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals from so much of the order as granted the defendants' cross motion.
Contrary to the plaintiff's contention, the defendants did not waive their right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 656; Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020-1021; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 670-671).
The plaintiff failed to seek a default judgment on the unanswered complaint within one year after the default, as required by CPLR 3215(c) (see Giglio v NTIMP, Inc., 86 AD3d 301, 307). CPLR 3215(c) provides, however, that "[t]he failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see HSBC Bank USA, N.A. v Myers, 168 AD3d 916, 917; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846). The plaintiff's conclusory and unsubstantiated assertions failed to establish a reasonable excuse for his delay in seeking a default judgment. Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious action (see BAC Home [*2]Loans Servicing, LP v Broskie, 166 AD3d 842, 843; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
In view of the foregoing determination, we do not address the plaintiff's remaining contentions.
We decline the defendants' request to impose sanctions against the plaintiff and the plaintiff's attorney in connection with this appeal (see 22 NYCRR 130-1.1).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court