Deutsche Bank National Trust Co. v Cruz (2019 NY Slip Op 05097)





Deutsche Bank National Trust Co. v Cruz


2019 NY Slip Op 05097


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9736 35504/13E

[*1]Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
Carmen Cruz, Defendant-Appellant, Annette Oliveras, etc., et al., Defendants.


Richland & Falkowsi, PLLC, Washingtonville (Daniel H. Richland of counsel), for appellant.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 25, 2018, which, inter alia, granted plaintiff's motion, and denied defendant Cruz's cross motion to dismiss the complaint pursuant to CPLR 3215(c), unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
The language of CPLR 3215(c), requiring dismissal of an action where judgment is not sought within a year of a default is not discretionary, but mandatory (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [2d Dept 2016]). The statute excepts cases where "sufficient cause" is shown, but a plaintiff opposing dismissal is required "to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank, 145 AD3d at 671; see Selective Auto Ins. Company of N.J. v Nesbitt, 161 AD3d 560 [1st Dept 2018]). In this foreclosure action, plaintiff failed to explain why it did not move for a default judgment for over three years after satisfaction of the prior mortgage was recorded. Plaintiff's assertion that it was in continued litigation regarding the prior mortgage until December 2017, is belied by documentary evidence that the other mortgagee acknowledged plaintiff's lien priority as of October 2015. As such, it fails to constitute a reasonable excuse for delay (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK