U.S. Bank N.A. v Stewart (2019 NY Slip Op 05431)





U.S. Bank N.A. v Stewart


2019 NY Slip Op 05431


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-06894
 (Index No. 22109/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Ann Stewart, respondent, et al., defendants.


Parker Ibrahim & Berg LLC, New York, NY (Ben Z. Raindorf of counsel), for appellant.
Subhana A. Rahim, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 6, 2016. The order denied the plaintiff's motion, inter alia, for an order of reference, and granted the defendant Ann Stewart's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed, with costs.
In July 2008, the plaintiff commenced this action against the defendant Ann Stewart (hereinafter the defendant), among others, to foreclose a mortgage. According to an affidavit of service, the defendant was served pursuant to CPLR 308(2) with the summons and complaint when a copy was left on August 2, 2008, with her husband at the property which is the subject of this action and an additional copy was mailed to her on August 7, 2008, at that address. The defendant failed to appear or answer the complaint. In March 2015, the plaintiff moved, inter alia, for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order dated January 6, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one- year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, however, that the failure to timely seek a default may be excused if " sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see HSBC Bank USA, N.A. v Myers, 168 AD3d 916, 917; Ibrahim v Nablus Sweets Corp., 161 AD3d at 963). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a [*2]reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see HSBC Bank USA, N.A. v Myers, 168 AD3d at 917; Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849).
Here, the plaintiff took no proceedings for entry of a default judgment within one year following the defendant's default and failed to provide a reasonable excuse for the lengthy delay in moving for such relief. The plaintiff's assertion that the delay was caused, in part, by the need to comply with Administrative Order 548/10 lacks merit, given that that administrative order went into effect in October 2010, more than one year after the plaintiff's time to move for a default judgment had expired in September 2009 (see generally HSBC Bank USA, N.A. v Grella, 145 AD3d at 672; cf. CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1095; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774).
Since the plaintiff failed to demonstrate sufficient cause why the complaint should not have been dismissed as abandoned, we need not consider whether the plaintiff had a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d at 843; Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 656; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
The parties' remaining contentions are improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion, and granting the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court