HSBC Bank USA, N.A. v Slone (2019 NY Slip Op 05963)





HSBC Bank USA, N.A. v Slone


2019 NY Slip Op 05963


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-05121
 (Index No. 2917/15)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Robert Slone, et al., appellants, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellants.
McCabe, Weisberg & Conway, LLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick and Leah Jacob], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Robert Slone and Mary Slone appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 26, 2018. The order denied those defendants' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Robert Slone and Mary Slone pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted.
In October 2012, a prior action to foreclose the same mortgage that is at issue in this action was dismissed as abandoned. In March 2015, the plaintiff commenced this action against the defendants Robert Slone and Mary Slone (hereinafter together the appellants), among others, to foreclose the mortgage. The appellants failed to timely appear or answer the complaint. On July 1, 2015, the plaintiff and the appellants attended the first of several mandatory foreclosure settlement conferences pursuant to CPLR 3408. When no settlement was reached, on July 7, 2016, this action was released from the residential foreclosure conference part, and the plaintiff was permitted to proceed with this action.
On October 23, 2017, the appellants moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The Supreme Court denied the motion, and this appeal ensued.
As an initial matter, contrary to the Supreme Court's determination, the appellants' failure to move to vacate their default in answering the complaint or appearing in this action did not operate as a waiver of their right to seek dismissal of the complaint pursuant to CPLR 3215(c). "A defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance'" (Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910, quoting Myers v Slutsky, 139 AD2d 709, 711; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). Here, the appellants did not appear either formally or informally, since they did not actively litigate the action before the Supreme Court [*2]or participate in the action on the merits (see Private Capital Group, LLC v Hosseinipour, 170 AD3d at 910). Accordingly, the appellants did not waive their right to seek dismissal of the complaint pursuant to CPLR 3215(c).
CPLR 3215(c) provides, in part, that if the plaintiff fails to take proceedings for the entry of judgment within one year after the defendant's default, "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion" (CPLR 3215[c]; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633; Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d at 671). However, the failure to timely seek a default judgment may be excused if "sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). To establish sufficient cause as required by CPLR 3215(c), a plaintiff must proffer a reasonable excuse for the delay in timely moving for a default judgment and demonstrate that it has a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751; Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, after this action was released from the mandatory foreclosure settlement conference part in July 2016, the plaintiff was authorized to proceed with the prosecution of this action. However, despite the fact that the appellants failed to answer or otherwise appear in the action after being served with process, the plaintiff took no steps to initiate proceedings for the entry of a default judgment against the appellants. The plaintiff's participation in the mandatory foreclosure settlement part conferences did not constitute the initiation of proceedings for the entry of a default judgment. Moreover, more than one year passed from the time that the plaintiff was authorized to resume prosecution of this action prior to the appellants moving in October 2017 to dismiss the complaint as abandoned (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). In light of the plaintiff's failure to meet its burden to show sufficient cause why the complaint should not be dismissed as abandoned, it is not necessary to address the issue of whether the plaintiff demonstrated that it had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
Accordingly, the Supreme Court should have granted the appellants' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The appellants' remaining contentions either need not be reached in light of our determination or are not properly before us.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court