Chase Home Fin., LLC v Fernandez (2019 NY Slip Op 06589)





Chase Home Fin., LLC v Fernandez


2019 NY Slip Op 06589


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-07682 
2018-00342
 (Index No. 18789/07)

[*1]Chase Home Finance, LLC, plaintiff,
v
Judeson Fernandez, et al., defendants; Federal National Mortgage Association, etc., nonparty-appellant.


Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, Leah Edmunds, and Chenxi Jiao of counsel), for nonparty-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Federal National Mortgage Association appeals from (1) an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated May 16, 2013, and (2) an order of the same court dated April 15, 2014. The order dated May 16, 2013, insofar as appealed from, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The order dated April 15, 2014, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate so much of the order dated May 16, 2013, as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated May 16, 2013, as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c), is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this mortgage foreclosure action on or about August 8, 2007. The defendant mortgagor, Judeson Fernandez, neither appeared in the action nor answered the complaint. In October 2008 the plaintiff moved, inter alia, for leave to enter a default judgment and an order of reference, but that motion was eventually marked off the calendar. In or about September 2010, the plaintiff once again moved, inter alia, for leave to enter a default judgment and an order of reference, but the motion was later withdrawn by the plaintiff following the issuance of Administrative Order 548/10 of the Chief Administrative Judge of the State of New York.
On or about February 11, 2013, the plaintiff moved a third time, inter alia, for leave to enter a default judgment and an order of reference. In an order dated May 16, 2013, the Supreme Court, upon denying the plaintiff's unopposed motion as inadequate, sua sponte directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
Shortly thereafter, the plaintiff moved, inter alia, to vacate the portion of the May 16, [*2]2013, order that had directed dismissal of the complaint as abandoned. In an order dated April 15, 2014, the Supreme Court, inter alia, denied that branch of the plaintiff's unopposed motion. Nonparty Federal National Mortgage Association, as successor in interest to the plaintiff, appeals.
Since it is undisputed that the plaintiff failed to take proceedings for leave to enter a default judgment within one year after the borrower's default, the Supreme Court acted within its statutory authority in directing dismissal of the complaint as abandoned (see CPLR 3215[c]; Perricone v City of New York, 62 NY2d 661, 663).
In order to obtain vacatur of the Supreme Court's sua sponte order directing dismissal of the complaint, the plaintiff was required "to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). Since the plaintiff's moving papers offered no reason for the plaintiff's decision to wait until October 2008 to move for leave to enter a default judgment, the court providently exercised its discretion in denying that branch of the plaintiff's motion.
Therefore, we affirm both orders.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court