HSBC Bank USA, N.A. v Ashik (2021 NY Slip Op 02279)





HSBC Bank USA, N.A. v Ashik


2021 NY Slip Op 02279


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-11049
 (Index No. 512492/15)

[*1]HSBC Bank USA, N.A., appellant,
v
Morshed Ashik, etc., et al., defendants, USN Realty, Inc., respondent.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 17, 2018. The order denied the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference and directed dismissal of the complaint pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as directed dismissal of the complaint pursuant to CPLR 3215 (c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action on October 14, 2015. The defendants neither answered the complaint nor appeared in the action within the requisite statutory time period (see CPLR 320[a]). On November 2, 2017, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant USN Realty, Inc. (hereinafter USN), opposed the motion, asserting that the action should be dismissed pursuant to CPLR 3215(c). The Supreme Court denied the plaintiff's motion and directed dismissal of the complaint pursuant to CPLR 3215(c) as abandoned. The plaintiff appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "'The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned'" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Karamuco v Gavriel Plaza, Inc., 172 AD3d 832, 832). "The failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint [*2]should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; see Karamuco v Gavriel Plaza, Inc., 172 AD3d at 833).
Here, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference more than one year after the defendants' default and failed to offer sufficient cause why the complaint should not be dismissed. Since the plaintiff took no proceedings for the entry of a judgment within one year following the defendants' default and failed to establish a reasonable excuse for the delay, the Supreme Court properly denied the plaintiff's motion and properly directed dismissal of the complaint pursuant to CPLR 3215(c) (see Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 882).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court