HSBC Bank USA, N.A. v Cross (2022 NY Slip Op 03101)





HSBC Bank USA, N.A. v Cross


2022 NY Slip Op 03101


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-04665
 (Index No. 14461/11)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Ethel Mae Cross, defendant-appellant, et al., defendants; Russell Carbone, nonparty-appellant.


Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for defendant-appellant and nonparty-appellant.
Houser & Allison, APC, New York, NY (Jordan W. Schur and Kathleen M. Massimo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ethel Mae Cross and nonparty Russell Carbone appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 28, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add nonparty Russell Carbone as a party defendant and, sua sponte, granted the plaintiff leave to amend the complaint so as to add causes of action for a declaration that any ownership interest in the subject property by Russell Carbone is subject to the plaintiff's mortgage interest, and to foreclose Russell Carbone's ownership interest, and denied the cross motion of the defendant Ethel Mae Cross pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the appeal by nonparty Russell Carbone from so much of the order as denied the cross motion of the defendant Ethel Mae Cross pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is dismissed, as the nonparty-appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Ethel Mae Cross from so much of the order as, sua sponte, granted the plaintiff leave to amend the complaint so as to add causes of action for a declaration that any ownership interest in the subject property by Russell Carbone is subject to the plaintiff's mortgage interest and to foreclose Russell Carbone's ownership interest is dismissed, as she is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that on the Court's own motion, the appeal by nonparty Russell Carbone from so much of the order as, sua sponte, granted the plaintiff leave to amend the complaint so as to add causes of action for a declaration that any ownership interest in the subject property by Russell Carbone is subject to the plaintiff's mortgage interest and to foreclose Russell Carbone's ownership interest, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add nonparty Russell Carbone as a party defendant is denied, so much of the order as, sua sponte, granted the plaintiff leave to amend the complaint so as to add causes of action for a declaration that any ownership interest in the subject property by Russell Carbone is subject to the plaintiff's mortgage interest and to foreclose Russell Carbone's ownership interest is vacated, and the cross motion of the defendant Ethel Mae Cross pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant-appellant and nonparty-appellant.
On June 27, 2007, nonparty Delois Davis executed a deed transferring the subject property to the defendant Ethel Mae Cross. That deed was not recorded. On the same day, Cross executed a note in the sum of $344,000, and a mortgage to secure the note in favor of Delta Funding Corporation. The mortgage and note were subsequently assigned to the plaintiff.
The plaintiff commenced this action in June 2011 to foreclose the mortgage. Cross failed to answer or appear in the action.
On or about October 4, 2011, Davis executed a power of attorney appointing Russell Carbone as her agent to perform any and all acts regarding the subject property.
On October 26, 2011, Carbone executed a quitclaim deed as attorney-in-fact purportedly transferring the subject property from Davis to himself. The quitclaim deed was recorded on or about November 9, 2011.
Thereafter, Carbone commenced a separate action to quiet title with respect to the subject property. On March 20, 2013, the Supreme Court denied Carbone's motion for leave to reargue his prior motion for summary judgment on that complaint which had been denied in an order dated September 17, 2012.
By notice of motion dated February 1, 2017, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint so as to add Russell Carbone as a necessary party defendant, and to add causes of action to record the deed to Cross nunc pro tunc and to expunge the deed to Carbone. Cross cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The Supreme Court granted that branch of the plaintiff's motion which was for leave to amend the complaint so as to add Carbone as a party defendant and, sua sponte, granted leave to amend the complaint to add causes of action for a declaration that any ownership interest in the subject property by Carbone was subject to the plaintiff's mortgage interest and to foreclose Carbone's ownership interest in the subject property. Moreover, the court denied Cross's cross motion to dismiss the complaint insofar as asserted against her as abandoned. Cross and Carbone appeal.
"CPLR 3215(c) provides that '[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory[,] inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]), for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, however, that the failure to timely seek a default may be excused if "'sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]).
To establish the sufficient cause required by CPLR 3215(c), "the party opposing [*2]dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "'The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752, quoting Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, the plaintiff failed to demonstrate that it had a reasonable excuse for its delay in taking proceedings for entry of a default judgment. The plaintiff's contention that it had to defend against Carbone's action did not explain its failure to move for a default judgment against Cross in the approximately 5½ years following Cross's default. Cross's "liability [is] based not only upon her alleged interest in the property, but also her obligation under the note, which did not involve [Carbone]" (US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096). The plaintiff's contention that the delay was further caused by an investigation of title and land recordings and the submission of a claim to a title company was vague and unsubstantiated (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 672). Although the Supreme Court issued a stay in the action on October 22, 2013, that stay did not constitute a reasonable excuse because it was issued more than a year after Cross had defaulted (see id.). Furthermore, the plaintiff failed to move for leave to enter a default judgment against Cross after the stay was lifted on August 29, 2016, and after Cross cross-moved to dismiss the complaint (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911).
Additionally, the plaintiff failed to support its claim that it was engaging in settlement negotiations with Cross with evidence in admissible form by a person with knowledge of the facts (see US Bank, N.A. v Onuoha, 162 AD3d at 1096).
Since the plaintiff failed to meet its burden to show sufficient cause why the complaint should not be dismissed, the Supreme Court should have granted the cross motion to dismiss the complaint insofar as asserted against Cross as abandoned (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 672).
"Although leave to amend should be freely granted in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Strunk v Paterson, 145 AD3d 700, 701). Inasmuch as the mortgage foreclosure action must be dismissed insofar as asserted against Cross, and the debt did not belong to Carbone, who was not a party to the note or mortgage (see Polizzi v Profaci, 5 AD3d 456, 458), the proposed amendments are palpably insufficient or patently devoid of merit (see Strunk v Paterson, 145 AD3d at 701).
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court