BAC Home Loans Servicing, L.P. v Kirnon (2020 NY Slip Op 03094)





BAC Home Loans Servicing, L.P. v Kirnon


2020 NY Slip Op 03094


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-02296
 (Index No. 4505/08)

[*1]BAC Home Loans Servicing, L.P., etc., plaintiff,
v
Kevin Kirnon, defendant, Teresa Williams, appellant; PMT NPL Financing 2014-1, nonparty-respondent.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for nonparty-respondent.



DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Teresa Williams appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 6, 2017. The judgment of foreclosure and sale, upon an order of the same court, also entered December 6, 2017, inter alia, granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denying the cross motion of the defendant Teresa Williams pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for a judgment of foreclosure and sale is denied, the cross motion of the defendant Teresa Williams pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, and the order entered December 6, 2017, is modified accordingly.
The plaintiff commenced an action in March 2008, under Index No. 4505/08, against Teresa Williams (hereinafter the defendant), among others, to foreclose a mortgage (hereinafter the 2008 action). An order of reference was issued in July 2008, and a judgment of foreclosure and sale was subsequently entered on November 7, 2008 (hereinafter the 2008 judgment). Following a motion by the defendant, inter alia, for a framed-issue hearing with respect to the validity of service
of process, the hearing court determined that the defendant was "not properly served." In an order entered September 22, 2009, the Supreme Court vacated so much of the 2008 judgment as was against the defendant, and directed dismissal of the complaint in the 2008 action insofar as asserted against the defendant.
The plaintiff commenced a second action in November 2009, under Index No. 23430/09, against the defendant, among others, to foreclose the same mortgage (hereinafter the 2009 action). The defendant did not appear or answer the complaint.
In May 2017, the plaintiff moved for, among other things, a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The Supreme Court, upon granting the motion and denying the cross motion, entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
The Supreme Court should have denied that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." In order to show sufficient cause, a plaintiff is required to " demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment against the defendant within one year after her default in the 2009 action, and has set forth no reasonable excuse for said failure (see Chase Home Fin., LLC v Fernandez, 175 AD3d 1381, 1382; Deutsche Bank Natl. Trust Co. v Booker, 173 AD3d 683, 685).
We reject the contention of the nonparty-respondent that the defendant failed to assemble a sufficient record for this Court to reach an informed decision on the merits and provide meaningful appellate review of the judgment appealed from (see US Bank, N.A. v Morrison, 160 AD3d 679, 680).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and should have granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her.
In view of the foregoing, we need not reach the remaining contentions of the defendant, and the remaining contention of the nonparty-respondent is without merit.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court