U.S. Bank, N.A. v Bishop (2020 NY Slip Op 06573)





U.S. Bank, N.A. v Bishop


2020 NY Slip Op 06573


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-02045
2019-02046
 (Index No. 602493/16)

[*1]U.S. Bank, National Association, etc., plaintiff-respondent,
v
Robert W. Bishop, et al., appellants, et al., defendants; Nationstar Mortgage LLC, nonparty-respondent.


John J. Caracciolo, East Northport, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane Torcia of counsel), for plaintiff-respondent and nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Robert W. Bishop and Ann Bishop appeal from (1) an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated December 17, 2018, and (2) a judgment of foreclosure and sale of the same court, also dated December 17, 2018. The order granted the plaintiff's motion to confirm the report of a referee and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon the order dated December 17, 2018, and upon an order of the same court dated April 17, 2018, denying those defendants' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, pursuant to CPLR 317 to permit the defendant Robert W. Bishop to serve a late answer, inter alia, confirmed the report of the referee and directed the sale of the subject premises.
ORDERED that the appeal from the order dated December 17, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, that branch of the motion of the defendants Robert W. Bishop and Ann Bishop which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, and the orders dated April 17, 2018, and December 17, 2018, are vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendants Robert W. Bishop and Ann Bishop.
In May 2004, Robert W. Bishop and Ann Bishop (hereinafter together the defendants) borrowed $378,000 from the plaintiff's predecessor in interest. The loan was evidenced by a note and secured by a mortgage encumbering certain real property in Suffolk County. In June 2010, the plaintiff's predecessor in interest entered into a loan modification agreement with the defendants. On or about August 1, 2010, the defendants defaulted on their payment obligations.
On February 15, 2016, the plaintiff commenced this action against the defendants, [*2]among others, to foreclose the mortgage. The defendants neither answered the complaint nor appeared in the action within the requisite statutory time period (see CPLR 320[a]). The plaintiff moved for a default judgment on June 19, 2017, more than one year after the defendants defaulted in answering or appearing. In an order dated December 6, 2017, the Supreme Court granted the plaintiff's motion for a default judgment.
On or about December 28, 2017, the defendants appeared in the action by their attorney and moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned on the ground that the plaintiff failed to take proceedings toward the entry of judgment within one year of their default. In opposition, the plaintiff, through the affirmation of its attorney, argued that since the case was not released from a settlement conference until May 26, 2016, and all motions are stayed during the pendency of settlement conferences (see 22 NYCRR 202.12-A[c][7]), the plaintiff had until May 26, 2017, to move for a default judgment. However, the plaintiff did not move for a default judgment until June 19, 2017. According to the plaintiff, this delay was caused by the plaintiff's "pursuit of a gap assignment of mortgage from US Bank to Bank of America so as to properly reflect the chain of title as a matter of public record," as an earlier assignment of mortgage had been rejected by the county clerk on April 27, 2017. In support of its opposition, the plaintiff submitted the purportedly rejected assignment of mortgage and the assignment of mortgage which was subsequently recorded on September 13, 2017. In an order dated April 17, 2018, the Supreme Court denied the defendants' motion, concluding that the plaintiff had established a reasonable excuse for failing to take proceedings toward the entry of judgment within one year of the defendants' default.
On August 6, 2018, the plaintiff moved to confirm the report of a referee and for a judgment of foreclosure and sale. In an order dated December 17, 2018, the Supreme Court granted the plaintiff's motion. In a judgment of foreclosure and sale, also dated December 17, 2018, the court, inter alia, confirmed the report of the referee and directed the sale of the subject premises. The defendants appeal.
Initially, the appeal from the order dated December 17, 2018, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment of foreclosure and sale (see id.).
When a plaintiff fails to take proceedings for the entry of judgment within one year after a default, "the court shall not enter judgment but shall dismiss the complaint as abandoned, . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). In order to show sufficient cause, a plaintiff is required to "'demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
We disagree with the Supreme Court that the plaintiff proffered a reasonable excuse for failing to take proceedings for the entry of judgment within one year of the defendants' default (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The plaintiff had established its standing in this matter by attaching the note to the complaint (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). Thus, even assuming that the plaintiff needed to file a revised assignment to correct the public record as to the chain of title, it fails to articulate why such assignment was a prerequisite to its moving for entry of a default judgment. Indeed, the plaintiff's argument is belied by the fact that the revised assignment was not recorded until September 13, 2017, three months after the plaintiff untimely moved for a default judgment.
Here, since the plaintiff failed to take steps to initiate proceedings for the entry of judgment against the defendants within one year after their default in answering the complaint or appearing in the action, and has not set forth a reasonable excuse for such failure, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned (see BAC Home Loans [*3]Servicing, L.P. v Kirnon, 184 AD3d 547; Chase Home Fin., LLC v Fernandez, 175 AD3d 1381).
In light of our determination, we need not address the parties' remaining contentions.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court