Wilmington Trust, N.A. v Kim (2020 NY Slip Op 07430)





Wilmington Trust, N.A. v Kim


2020 NY Slip Op 07430


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11701
2018-11702
 (Index No. 503212/16)

[*1]Wilmington Trust, National Association, etc., respondent,
v
Andy Kim, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York, NY (Brian P. Scibetta and Charles H. Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andy Kim appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated July 11, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Andy Kim and for an order of reference, and denied that branch of the cross motion of the defendant Andy Kim which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The second order, insofar as appealed from, referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Andy Kim and for an order of reference are denied, and that branch of the cross motion of the defendant Andy Kim which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted.
In March 2016, the plaintiff commenced this action against, among others, the defendant Andy Kim (hereinafter the defendant) to foreclose a mortgage on a residential condominium unit in Brooklyn. The defendant failed to appear or answer the complaint. In an order dated July 19, 2017, the Supreme Court, after a status conference and noting that "significantly more than one year has passed" since the defendant's default, directed the plaintiff to "file a motion for an order of reference within 90 days of the date of this order, said motion setting forth why this Court should not dismiss the action pursuant to CPLR 3215[c]."
Thereafter, in October 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, contending, inter alia, that the plaintiff failed to provide any explanation for its delay in its motion papers, despite being expressly required to do so by the Supreme Court. The defendant also cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
In an order dated July 11, 2018, the Supreme Court, inter alia, granted those branches [*2]of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In a second order, also dated July 11, 2018, the court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." In order to show sufficient cause, a plaintiff is required to "'demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment against the defendant within one year after his default in the action, and has set forth no reasonable excuse for the failure (see BAC Home Loan Servicing, L.P. v Kirnon, 184 AD3d 547, 549; Deutsche Bank Natl. Trust Co. v Booker, 173 AD3d 683, 685). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff demonstrated a potentially meritorious cause of action (see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 996).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court