HSBC Bank USA, N.A. v Jessup (2021 NY Slip Op 03310)





HSBC Bank USA, N.A. v Jessup


2021 NY Slip Op 03310


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2019-13424
 (Index No. 11718/12)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Quentin M. Jessup, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellant.
McGlinchey Stafford, PLLC, New York, NY (Victor L. Matthews and Ronald H. Park of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Quentin M. Jessup appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 16, 2019. The order and judgment of foreclosure and sale, inter alia, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, in effect, denied the cross motion of the defendant Quentin M. Jessup pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for a judgment of foreclosure and sale is denied, and the cross motion of the defendant Quentin M. Jessup pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted.
The plaintiff commenced this action in September 2012 against Quentin M. Jessup (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to answer or appear in the action. The action was sent to the foreclosure settlement conference part in April 2013, and was released from that part on April 23, 2013. In August 2015, the plaintiff moved for leave to file an amended complaint, which motion was granted by the Supreme Court. The plaintiff purportedly served the defendant with the amended complaint on March 7, 2018. The defendant failed to answer the amended complaint. In September 2018, the plaintiff moved for an order of reference and for leave to enter a default judgment, and the motion was granted in an order entered on October 31, 2018.
In March 2019, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint as abandoned pursuant to CPLR 3215(c). The Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the [*2]complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." In order to show sufficient cause, a plaintiff is required to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (BAC Home Loans Servicing, L.P. v Kirnon, 184 AD3d 547, 549 [internal quotation marks omitted]).
Here, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment against the defendant within one year after his default in the action, and has set forth no reasonable excuse for said failure (see Bank of Am., N.A. v Santos, 175 AD3d 449, 450; Ixis Real Estate Capital, Inc. v Herbst, 170 AD3d 691, 692).
Contrary to the plaintiff's contention, the defendant's failure to move to vacate his default in answering the complaint or appearing in this action did not operate as a waiver of his right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866-867).
The plaintiff's further contention that dismissal pursuant to CPLR 3215(c) was unwarranted because it moved for a default judgment within a year after the defendant's default in answering the amended complaint, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
LASALLE, P.J., CHAMBERS, AUSTIN, and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court