Federal Natl. Mtge. Assn. v Kresner (2021 NY Slip Op 07286)





Federal Natl. Mtge. Assn. v Kresner


2021 NY Slip Op 07286


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2019-04728 
2019-04731
2021-01285
 (Index No. 505/12)

[*1]Federal National Mortgage Association, etc., respondent,
v
Robert Kresner, appellant, et al., defendants.


Beth E. Goldman, New York, NY (Julie Anne Howe of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Kresner appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 11, 2019, (2) an order of the same court, also entered March 11, 2019, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered October 16, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Robert Kresner and for an order of reference, and denied the cross motion of that defendant pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The second order, insofar as appealed from, in effect, granted the same relief to the plaintiff, denied the same relief to the defendant Robert Kresner, and referred the matter to a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Robert Kresner and for an order of reference are denied, the cross motion of the defendant Robert Kresner pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and the orders entered March 11, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Robert Kresner.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought [*2]up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2012, the plaintiff's predecessor in interest commenced this action against the defendant Robert Kresner (hereinafter the defendant), among others, to foreclose a consolidated mortgage on real property located in Farmingdale. The defendant was served with the summons and complaint on January 18, 2012, but failed to interpose an answer or appear in the action.
In January 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and the Supreme Court denied those branches of the plaintiff's motion without prejudice. In December 2018, the plaintiff again moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order entered March 11, 2019, the court granted the plaintiff's motion and denied the defendant's cross motion. In a separate order also entered March 11, 2019, the court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff. On October 16, 2019, the court entered an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Federal Natl. Mtge. Assn. v Greenfeld, 183 AD3d 658, 659; HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). The failure to timely take proceedings for the entry of judgment may only be excused upon the plaintiff's showing that it had a reasonable excuse for the delay and a potentially meritorious action (see HSBC Bank USA, N.A. v Jean, 165 AD3d at 634; Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the defendant's time to answer the complaint expired on February 13, 2012. Neither the plaintiff nor its predecessor in interest took any proceedings for the entry of a judgment (or any proceedings at all) within one year of that default. Moreover, the plaintiff did not proffer any excuse for its delay during that time. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and should have granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see Federal Natl. Mtge. Assn. v Kahana, 197 AD3d 1240; HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court