PennyMac Corp. v Weinberg (2022 NY Slip Op 02010)





PennyMac Corp. v Weinberg


2022 NY Slip Op 02010


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-06667
 (Index No. 23646/09)

[*1]PennyMac Corp., respondent, 
v
Joseph Weinberg, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Weinberg and Anna Weinberg appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated March 25, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated April 11, 2018, inter alia, denying that branch of those defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, among other things, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendants Joseph Weinberg and Anna Weinberg which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, and the order dated April 11, 2018, is modified accordingly.
In September 2009, Citimortgage, Inc., commenced this mortgage foreclosure action against, among others, the defendants Joseph Weinberg and Anna Weinberg (hereinafter together the defendants). In April 2014, the defendants appeared by counsel at a settlement conference. Thereafter, in January 2016, the Supreme Court issued an order of reference. The order of reference, inter alia, amended the caption to substitute PennyMac Corp. (hereinafter the plaintiff) as the plaintiff in the action.
In or about July 2017, the plaintiff moved for a judgment of foreclosure and sale and the defendants cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned based upon the plaintiff's failure to timely move for leave to enter a default judgment. In an order dated April 11, 2018, the Supreme Court denied the plaintiff's motion and the defendants' cross motion. Subsequently, the plaintiff moved again, inter alia, for a judgment of foreclosure and sale, which the court granted in an order and judgment of foreclosure and sale dated March 25, 2019. The defendants appeal.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause [*2]is shown why the complaint should not be dismissed." In order to show sufficient cause, a plaintiff is required to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (BAC Home Loans Servicing, L.P. v Kirnon, 184 AD3d 547, 549 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027).
Here, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment against the defendants within one year after their default in the action, and has set forth no reasonable excuse for said failure (see HSBC Bank USA, N.A. v Jessup, 194 AD3d at 1027; Giglio v NTIMP, Inc., 86 AD3d 301, 308).
Contrary to the plaintiff's contention, the defendants did not waive their right to seek dismissal pursuant to CPLR 3215(c). The defendants' participation in a settlement conference did not result in a waiver of their right to seek dismissal pursuant to CPLR 3215(c) since they did not actively litigate the action before the Supreme Court or participate in the action on the merits (see US Bank N.A. v Kail, 189 AD3d 1652, 1654; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866-867). Moreover, the defendants' failure to move to vacate their default in answering the complaint or appearing in this action did not operate as a waiver of their right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Jessup, 194 AD3d at 1027; HSBC Bank USA, N.A. v Slone, 174 AD3d at 866-867).
Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court