U.S. Bank N.A. v Benitez (2022 NY Slip Op 06952)

U.S. Bank N.A. v Benitez

2022 NY Slip Op 06952

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-02626
 (Index No. 533/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Richard Benitez, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellant.
Leopold & Associates, PLLC (Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY [Keith L. Abramson], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard Benitez appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 22, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference and, in effect, denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Richard Benitez and for an order of reference are denied, and the cross motion of the defendant Richard Benitez pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted.
In May 2006, the defendant Richard Benitez executed a mortgage on a residential property located in Nassau County. In January 2014, the plaintiff commenced this action against Benitez, among others, to foreclose the mortgage. Benitez did not appear or answer the complaint. A mandatory foreclosure settlement conference was held on June 2, 2014, at which Benitez did not appear. More than four years later, in December 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against Benitez and for an order of reference, and Benitez cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court, among other things, granted those branches of the plaintiff's motion and, in
effect, denied Benitez's cross motion. Benitez appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). The statute further provides, however, that the failure to timely seek a default may be excused if "'sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v. Grella, 145 AD3d at 671, quoting CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963). To [*2]establish the sufficient cause required by CPLR 3215(c), the plaintiff must proffer a reasonable excuse for the delay in moving for leave to enter a default judgment and demonstrate that the cause of action is potentially meritorious (see US Bank, N.A. v Onuoha, 162 AD3d 1094, 1095; HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035).
Here, despite the fact that Benitez failed to answer or otherwise appear in the action after being served with process, the plaintiff took no steps to initiate proceedings for the entry of a default judgment against Benitez until December 2018, four years after this action was released from the mandatory foreclosure settlement conference part (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867; Deutsche Bank Natl. Trust Co. v Iovino, 171 AD3d 1011, 1012). Further, the plaintiff's allegations concerning an excuse for its delay in seeking a default judgment were vague, conclusory, and unsubstantiated inasmuch as they were not supported with evidence in admissible form by a person with personal knowledge of the facts (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760-761; U.S. Bank N.A. v White, 174 AD3d 764, 765; Katz v Mangel, 173 AD3d 989, 990). Benitez's failure to move to vacate his default in answering the complaint or appearing in this action did not operate as a waiver of his right to seek dismissal of the complaint pursuant to CPLR 3215(c) (see PennyMac Corp. v Weinberg, 203 AD3d 1061; HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866-867).
Accordingly, those branches of the plaintiff's motion which were for leave to enter a default judgment against Benitez and for an order of reference should have been denied, and Benitez's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned should have been granted.
The parties' remaining contentions either are without merit, need not be addressed in light of our determination, or are improperly raised for the first time on appeal.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court