Deutsche Bank Natl. Trust Co. v Alpert (2025 NY Slip Op 04873)

Deutsche Bank Natl. Trust Co. v Alpert

2025 NY Slip Op 04873

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-07711
 (Index No. 1923/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Michael Alpert, etc., et al., defendants, Rita Ciccone, etc., respondent.

McCabe, Weisberg & Conway, LLC, Melville, NY (Amanie A. Akarah and George Franke of counsel), for appellant.
Christopher Thompson (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered May 2, 2023. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court entered September 16, 2022, granting the motion of the defendant Rita Ciccone pursuant to CPLR 3215(c) to dismiss the amended complaint as abandoned, and to restore the case to the active calendar.
ORDERED that the order entered May 2, 2023, is affirmed, with costs.
In February 2013, the plaintiff commenced this action against the Estate of Ferdinand Ciccone, among others, to foreclose a mortgage encumbering real property located in Oceanside, and Rita Ciccone (hereinafter the defendant) was later joined as a defendant. More than one year after the defendants failed to appear or interpose an answer, the defendant moved pursuant to CPLR 3215(c) to dismiss the amended complaint as abandoned based on the plaintiff's failure to take proceedings for the entry of a default judgment. The plaintiff did not oppose the motion. In an order entered September 16, 2022, the Supreme Court granted the motion. Thereafter, in October 2022, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order entered September 16, 2022, upon its default, and to restore the case to the active calendar. In an order entered May 2, 2023, the court denied the motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028; see CPLR 5015[a]).
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "In order to show sufficient cause, a plaintiff is required to 'demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027, quoting BAC Home [*2]Loans Servicing, L.P. v Kirnon, 184 AD3d 547, 549).
Here, in support of its motion, the plaintiff proffered a reasonable excuse for its default in opposing the defendant's motion to dismiss based on an affidavit detailing an oversight at the law office representing the plaintiff (see Carrington v Northwell Health, 234 AD3d 659, 661; Selene Fin., L.P. v Beltran, 233 AD3d 822, 823). However, in support of its motion, the plaintiff failed to establish a potentially meritorious opposition to the motion to dismiss. The plaintiff failed to provide a reasonable basis for its failure to take proceedings for the entry of a default judgment against the defendants within one year of their default (see Wells Fargo Bank, NA v Villanueva, 220 AD3d 978, 979). The plaintiff contends that it could not have brought a successful motion for leave to enter a default judgment due to defects in the amended complaint and that it was unable to further amend the complaint because of the onset of the COVID-19 pandemic. However, contrary to the plaintiff's contention, the COVID-19 pandemic did not begin until several months after the plaintiff's time to take proceedings had expired. The plaintiff has not otherwise indicated that it made any effort to timely remedy the purported defect in the amended complaint or take proceedings for the entry of a default judgment within the applicable timeframe.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate the order entered September 16, 2022, and to restore the case to the active calendar.
The plaintiff's remaining contentions are not properly before this Court.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court